# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOUNMY KAE MANGMORADETH,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, et al.,<br><br>Respondents. | Case No. 1:25-cv-01874-KES-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND DECLINING TO IMPOSE SANCTIONS |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. As Petitioner has been removed from the United States, the undersigned recommends the petition be dismissed as moot.

**I.**

**BACKGROUND**

On December 15, 2025, Petitioner, who was born in and ordered removed to Laos, filed the instant petition for writ of habeas corpus, asserting that his continued detention violated due process because there is no significant likelihood that he will be removed in the reasonably foreseeable future and challenging Respondents' third country removal policy. (ECF No. 1 at 2, 13–16.[1]) On December 23, 2025, the Court ordered that "Respondents shall not remove Petitioner from the United States nor transfer Petitioner out of this District," (ECF No. 4), and

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

1

directed Respondents to file a response to the petition within thirty days, (ECF No. 5). As no response had been filed more than a week after the original deadline, on January 30, 2026, the Court granted a single *sua sponte* extension and ordered Respondents to file a response to the petition on or before February 9, 2026. (ECF No. 8.) Again, as no response was filed, on February 10, 2026, the Court ordered Respondents to show cause why sanctions should not be imposed for failure to follow court orders, file a response to the petition, inform the Court of Petitioner's current address, and indicate whether Respondents complied with the Court's December 23, 2025 order that Petitioner not be removed from the United States or transferred out of this district. (ECF No. 9.)

On February 10, 2026, Respondents filed a response to the order to show cause. (ECF No. 10.) Respondents state that the "missed deadline was the result of an oversight in the office's record-keeping concerning cases that did not have a TRO or preliminary injunction deadline. The office has taken steps, including bringing on new personnel, to address the high volume of immigration detention cases in the District. Undersigned counsel apologizes to the Court on behalf of the Office for the error." (Id. at 1.) The response further states that "on December 19, 2025, petitioner was removed from the United States on a charter flight to Vietnam (Attachment A). This removal occurred before the Court entered the no-transfer order of December 23, 2025. Accordingly, Respondents move to dismiss on the grounds of mootness." (Id.)

## II.

## DISCUSSION

The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

The response states that "on December 19, 2025, petitioner was removed from the United States on a charter flight to Vietnam," citing to Attachment A. (ECF No. 10 at 1.) The

attachment, however, indicates that Petitioner was removed to Laos on December 16, 2025. For example, a comment entered on December 16, 2025, at 4:30 p.m. states: "Removed to LAOS on SHRC flight departing EL Paso, TX." (ECF No. 10-1 at 1.) Another comment entered on December 19, 2025 at 2:04 p.m. states: "The subject was removed by IAO Charter on 12/16/2025 on Flight #26-001084 from ELP with a final destination of VLVT." (Id.) "VLVT" is the code for the Wattay International Airport in Laos.[2] See Wattay International Airport, Wikipedia, https://en.wikipedia.org/wiki/Wattay_International_Airport.

In the petition, Petitioner challenges his prolonged immigration detention and Respondents' third country removal policy. According to the Court's interpretation of the attachment to Respondents' response to the order to show cause, Petitioner was removed from the United States to Laos, the country where Petitioner was ordered removed, on December 16, 2025.[3] Petitioner is no longer in federal immigration custody and was not subjected to Respondents' third country removal policy, and thus, is not suffering from an actual injury traceable to Respondents and likely to be redressed by a favorable judicial decision. Accordingly, the Court recommends finding that no case or controversy exists and the petition is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (finding habeas petition challenging length of immigration detention moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention").

**III.**

**RECOMMENDATION & ORDER**

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as MOOT.

Further, the Court DISCHARGES the February 10, 2026 order to show cause and declines to impose sanctions.

---

[2] "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

[3] If Respondents believe that the Court has misinterpreted the attachment, Respondents should file the appropriate objections to the findings and recommendation.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 12, 2026**            /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE

4